## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  DONALD E. WRIGHT, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-16-888-C |
| | ) | |
| 1.  FAMILY DOLLAR SERVICES, INC., d/b/a FAMILY DOLLAR STORES, INC., and | ) ) ) | |
| 2.  FAMILY DOLLAR STORES OF OKLAHOMA, INC., d/b/a FAMILY DOLLAR STORES, INC., | ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | ATTORNEY LIEN CLAIMED |

### COMPLAINT

**COMES NOW** the Plaintiff, Donald E. Wright, II, and for his Complaint against the Defendants alleges and states as follows:

### PARTIES

1. Plaintiff, Donald E. Wright, II, is an adult male resident of Stephens County, Oklahoma.

2. Defendants are:

   a. Family Dollar Services, Inc., d/b/a Family Dollar Stores, Inc., an entity doing business in and around Stephens County, Oklahoma; and

   b. Family Dollar Stores of Oklahoma, Inc., d/b/a Family Dollar Stores, Inc., an entity doing business in and around Stephens County, Oklahoma.

### JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on the following claims: (1) disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"); and (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

4.      Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5.      Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing two (2) Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 28, 2015. Plaintiff received his Dismissal and Notice of Rights letters from the EEOC dated on or about May 26, 2016 (received by mail thereafter) and has timely filed this action within ninety (90) days of receipt of his notice of right to sue.

6.      The Defendants are located in Stephens County and all acts complained of occurred in or around Stephens County. Stephens County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

7.      Plaintiff was born in 1965, making him over age 40 at all times relevant hereto.

8.      Plaintiff was hired as a bulk order filler on or about December 7, 1999 at the

Family Dollar Distribution Center located in Duncan, Oklahoma. In or around 2001, Plaintiff moved to a maintenance technician position. Thereafter, Plaintiff was promoted to Maintenance Technician II. In or around 2012, Plaintiff moved to the third shift working overnights at the Distribution Center.

9. Throughout his employment, Plaintiff's job performance was at least satisfactory, if not excellent.

10. In or around 2014, Plaintiff was told by his doctor that he was experiencing several health issues due to working the night shift. Plaintiff's symptoms included, but were not limited to, mood swings, uncontrollable bouts of crying and depression. Plaintiff further experienced significant neck and foot pain. Plaintiff's physician suggested these symptoms may improve if Plaintiff moved back to the day shift.

11. In or around June 2015, Plaintiff continued to suffer from health issues due to working the night shift. Therefore, Plaintiff told his supervisor, Donnie Brock, that he was having some health issues and wanted to move back to the day shift. Brock denied Plaintiff's request, stating that Plaintiff was needed on nights.

12. Plaintiff also discussed with Brock in or around June 2015 Plaintiff's dyslexia, and the difficulty Plaintiff experienced documenting his work and taking written tests for work on the computer. Brock acknowledged he was aware of Plaintiff's dyslexia, but did not offer any advice as to how Plaintiff could be accommodated.

13. Thereafter, Plaintiff was again told by his physician that moving to the day shift

would improve his medical conditions. As such, Plaintiff asked Brock a second time to return to the day shift, stating that it was at his doctor's request. Brock said he would speak with Facility Manager Curtis Beard about Plaintiff's request. Upon information and belief, Beard in turn spoke with Defendant's Human Resources Department.

14. Human Resources then emailed a reasonable accommodations form to Beard, and such form was given to Plaintiff by Brock on or about July 3, 2015. Plaintiff was instructed by Brock to have his doctor complete the form.

15. However, on or about July 6, 2015, Plaintiff was terminated by Brock and Beard. The proffered reason for termination was that Plaintiff was allegedly sleeping on the job while being paid for those four (4) hours. Plaintiff denied sleeping on the job and told Brock and Beard that he had engaged in no such conduct. Plaintiff further stated he had asked to move to the day shift due to his medical conditions, but his request was ignored and denied. Brock told Plaintiff his request was denied because the reasonable accommodation form was not returned. However, Plaintiff told Brock he had scheduled an appointment with his doctor the following week and his doctor would not submit the form without an appointment. Plaintiff only had the form for two (2) days before being fired.

16. The termination reason was false and merely pretext for unlawful discrimination and retaliation due to Plaintiff's disabilities, requests for reasonable accommodation, and his age. In fact, approximately three (3) months before Plaintiff's termination, and before Plaintiff requested a reasonable accommodation, Brock gave Plaintiff

a favorable performance review and pay increase.

17.     Plaintiff suffers from circadian rhythm disorder.  He also suffers from severe dyslexia, of which Defendants were aware.  Due to his medical conditions, Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA"), in that he was disabled, has a record of disability, and/or was perceived as disabled. Further, his disabilities substantially limit and/or limited him in one or more of his major life activities, including but not limited to writing, reading, sleeping, and eating. His disabilities impact one or more of his internal bodily processes, including but not limited to neurological and digestive function.  However, at all times relevant hereto, he was able to perform the essential functions of his job with or without reasonable accommodations.

18.     Upon information and belief, Plaintiff's job duties are now being performed by a significantly younger, non-disabled individual.

19.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

**COUNT I: ADA/ADAAA**

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

20.     The matters alleged above constitute discrimination and retaliation based on a disability, a record of a disability and/or perceived disabilities in violation of the

ADA/ADAAA as described above.

21. More specifically, Plaintiff was a qualified individual with a disability, in that, he suffers from a physical impairment (i.e., circadian rhythm disorder and severe dyslexia) which substantially limits his ability to perform one or more major life activities as set forth above. Further, Plaintiff's disability impacts one or more of his internal bodily processes, as shown herein.

22. Plaintiff was regarded as disabled by Defendants because he had an actual or perceived impairment, that impairment was neither transitory nor minor, and Defendants were aware of and perceived the impairment at the time of Plaintiff's termination.

23. Despite said impairments, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodations at all relevant times hereto.

24. Plaintiff's job was not eliminated following his termination.

25. Plaintiff is further entitled for relief because he was retaliated against following his requests for reasonable accommodation.

26. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and damages, including past and future lost wages, emotional distress and other non-monetary losses.

27. Defendants' actions were willful, wanton and/or conducted in a reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

### COUNT II: ADEA Violations

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

28. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

29. Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, he was over the age of forty (40), was qualified for his job, was discharged, and his position was not eliminated after his termination. Upon information and belief he was also replaced by a significantly younger individual.

30. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendants' willful misconduct.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendants and award compensatory damages, punitive damages, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this <u>4th</u> day of August, 2016.

<u>s/ Jana B. Leonard</u>
**JANA B. LEONARD, OBA # 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**